UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOANNE REESE

                                        Plaintiff,

        -against-                                    **JURY TRIAL**
                                                        **DEMANDED**

THE CITY OF NEW YORK, a municipal corporation;
John and Jane Does individually and as Police and
Supervisory Officers of the New York City Police
Department, the identity and number of which is
presently unknown,
                                        Defendants.
-------------------------------------------------------------------X

       Plaintiff, Joanne Reese by her attorney, Glenn A. Wolther, as and for her

complaint alleges as follows:

1.      This is a civil rights action for damages and other relief brought pursuant to 42

       U.S.C. §§ 1981, 1983, 1988, for violations of the Fourth and Fourteenth

       Amendments to the United States Constitution, and the Laws of the State of New

       York, against police officers and personnel of the Police Department of the City

       of New York ("NYPD") and the City of New York ("NYC").

**Jurisdiction & Venue**

2.      Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a)(3). Jurisdiction to grant a

       declaratory judgment is conferred by 28 U.S.C. §§2201-2202 and Rule 57 of the

       Federal Rules of Civil Procedure.

3.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is properly laid in this District in that the defendant NYC resides within this district and the events occurred within this District.

4.      An award of costs and attorneys fees is authorized pursuant to 42 U.S.C § 1988.

**Parties**

5.      Plaintiff, Joaane Resse, a black female, is a resident of New York City.

6.      At all times material herein, the defendant NYC, was and is a municipality, duly organized and existing under and by virtue of the laws of the State of New York. The NYPD is a non-suable subdivision of NYC and its employees are employees of NYC. The NYPD and NYC receive federal funding.

7.      John and Jane Does are members of the NYPD. (Collectively, all John and Jane Does, "NYPD Defendants")

8.      Upon information and belief, the NYPD Defendants, were at all relevant times herein, employed by NYC as Police Officers and / or Supervisory Officers of higher ranks. They are sued in both their official and individual capacities, and as Police and Supervisory Officers and Members of the NYPD.

9.      At all times material hereinafter, the NYPD Defendants were acting under color of law and pursuant to their authority as police officers and supervisory officers

2

and employees of NYC and the NYPD. All of the NYPD Defendants actions
described herein are within the scope of their employment. The NYPD
Defendants are State Actors.

10.    Under the Charter of the City of New York, NYC is responsible for the conduct of
municipal agencies such as NYPD, and as such is the legal entity responsible for
implementing any legal or equitable relief ordered by the Court in this action

**Facts**

11.    On July 31, 2012, plaintiff, Joanne Reese, was lawfully present within her
residence located at 700 Euclid Avenue, Apartment 1-D, in Brooklyn, New York
(the "Apartment") which is located within New York City Housing Authoritie's,
Cypress Hills Housing complex.

12.    In the afternoon of the above date above members of the NYPD, forcibly entered
the Apartment. The entry was made without the Plaintiffs' permission or consent
and or upon information and belief, any other persons consent.

13.    Upon information and belief, a warrant for to the search of the Apartment was
issued without obtained without probable cause to support it.

14.     As a result of the NYPD Defendants' entry into the Apartment, the Plaintiff did
        not feel free to leave, and, in fact, were not free to leave.

15.     The NYPD Defendants refused to display the warrant to Plaintiff. Further the
        entry and search of the Apartment was one in a ongoing series of improper,
        abusive, and unreasonable forced entries and searches in to Plaintiff's home by
        members of the NYPD.

16.     Plaintiff was seized by the NYPD members that were present within the
        Apartment.

17.     Upon information and belief, no probable cause existed to justify the seizure or
        detention of the Plaintiff. The NYPD Defendants that were members present
        knew that Plaintiff was not the individual they were looking for, yet never the
        less, unreasonably seized, confined, arrested, and charged her with possession of
        Criminal Possession of a Controlled Substance, New York, Penal Law §220.03 .

18.     At no point had Plaintiff violated any Federal, State, or local law, nor was there
        any reasonable basis for the NYPD Defendants present to believe that Plaintiff
        had committed a crime or violation.

19.     Upon information and belief the NYPD Defendants' actions were taken without
        authority, legal justification, reasonable suspicion, or probable cause. The NYPD

Defendants had no arrest warrant for Plaintiff. At no time did probable cause exist to justify the NYPD Defendants' seizure and detention of the Plaintiff.

20.     Plaintiff was removed from the Apartment and transported to the precinct station house.

21.     Upon information and belief, it has long been a *de facto* policy or custom *defacto* NYPD and NYC for members of the NYPD to arrest and charge all persons who are within a public housing unit, such as the Apartment, when executing a warrant and any contraband is found, regardless of individualized suspicion and /or probable cause.

22.     Following the NYPD Defendant who were present seizure of Reese  she remained continually confined while she was unlawfully transported, via a police vehicle, to the police precinct station house, next to Central Booking and then the Kings County Criminal Court, in Brooklyn, NY.

23.     The criminal prosecution against Resse was commenced with a sworn Complaint, docket Number 2012 KN 063929, the contents of which (the Complaint/Information and all the supporting and corroborating affidavits, including, all the NYPD police reports, and the District Attorney's Office intake/data data sheet), are incorporated herein by reference.

24.    Following close to a full day of unlawful detention Resse was arraigned, upon the

application of the prosecutor, given an A.C.D. pursuant to New York Criminal

Procedure Law §170.55.

25.    Upon information and belief, all of the above actions were made possible by the

NYC's negligent training and negligent supervision of the NYPD Defendants. The

NYPD Defendants should have been properly trained regarding the law and

procedures for: the legal bases for seizing, detaining, and searching for a person

in an apartment; executing and effectuating a search or arrest warrant, and

ensuring that the persons federal constitutional, statutory, and common law rights

are protected.

### FIRST CAUSE OF ACTION
### FEDERAL CLAIMS
### AGAINST INDIVIDUAL DEFENDANTS

26.    Plaintiff repeat and realleges each and every allegation contained in

paragraphs 1 through 25 as if repeated fully herein.

27.    The NYPD Defendants violated, conspired to violate, acting in a joint venture to

violate, and aided and abetted on another in the violation of Plaintiff's clearly

established and well-settled federally protected rights.

28.    The acts and conduct described herein deprived the plaintiff of her rights under

the Fourth, Fifth and Fourteenth Amendments to the United States Constitution,

and 42 U.S.C. §§1981, 2000(d), and 3789(d) in violation of and 42 U.S.C.

§§1981, 1983, 2000(d), 3789d(c):


(a)   To be free of unreasonable and warrantless search and seizure of her

person, home, and effects,  by police officers acting under color of law;

(b)   To be free from unreasonable detention;

(c)   To be free from false arrest;

(d)   To be free from unreasonable application and execution of a search and or
arrest warrant;

(e)   Not to be deprived of liberty without due process of law;

(f)   Not to be deprived of the right to privacy;

(g)   To be from a reckless investigation regarding probable cause for seizure.

(h)   To be free from racial discrimination;

(i)   To equal protection of the laws; and,

(j)   To be deprived of the substantive due process right to familial association.


29.   The acts and conduct of NYPD Defendants described above was intentional,

wanton, malicious and oppressive and/or deliberately indifferent to the rights and

welfare of the Plaintiff.


30.   As a direct and proximate result of the defendants' acts described above,

defendants have caused plaintiff to suffer deprivation of her liberty,

emotional injury, and other damages.


7

## SECOND CAUSE OF ACTION
### FEDERAL CLAIMS
### AGAINST SUPERVISORY DEFENDANTS

31.   Plaintiff repeats and reallege each and every allegation contained in
paragraphs 1 through 30 as if repeated fully herein.

32.   Upon information and belief, Supervisory John and Jane Does NYPD Defendants
failed to supervise, monitor, train and discipline the NYPD Defendants under
their respective commands.

33.   Upon information and belief, defendants Supervisory John and Jane Does NYPD
Defendants have shirked their duty to ensure that NYPD members under their
control, and accountable to them, do not engage in civil rights violations and
unlawful conduct.

34.   Upon information and belief, the acts and conduct of defendants described above
was intentional, wanton, malicious and oppressive.

35.   As a direct and proximate result of the defendants' acts described above,
defendants have caused Plaintiff to suffer deprivation of her liberty, emotional
injury, and other damages.

8

## THIRD CAUSE OF ACTION MONELL CLAIM –
## FOURTH and FOURTEENTH AMENDMENT

36.     Plaintiff repeats and reallege, each and every allegation contained in

        paragraphs 1 through 35 as if repeated fully herein.

37.     Upon information and belief, the acts and conduct complained of herein resulted

        in part from a *de facto* policy or custom of the defendant NYC, implemented by

        employees of NYC, in the execution of warrants in public housing projects to

        seize, to detain civilians without legally sufficient justification, for unreasonable

        amounts of time, in a racially discriminatory manner. NYC has also allowed the

        seizing of persons to reach productivity goals/ arrest quotas in which NYC has

        acquiesced in and ratified widespread unlawful practices by NYPD. Further, the

        acts and conduct complained of herein resulted in part from a *de facto* policy or

        custom of NYC, implemented by the NYPD and/or the police officers of the

        NYC, to allow police officers to work without proper levels of supervision and

        not properly investigate complaints of similar misconduct or discipline NYPD

        members regarding such complaints and other other information it has been made

        aware of.

38.     Upon information and belief, the defendants acted under pretense and color of

        state law and in their official capacities and within the scope of their employment.

39.     Upon information and belief, said acts by said defendants were without authority in law, and were in abuse of their powers. Said defendants acted willfully, knowingly, and with specific intent to deprive plaintiff of her constitutional rights.

40.     Upon information and belief, as a result of the failure of its officials to properly recruit, train, discipline and supervise its police officers and NYC has tacitly authorized, ratified, and been deliberately indifferent to, the acts and conduct complained of herein.

41.     As a direct and proximate result of the defendants' acts described above, defendants have caused Plaintiff suffer deprivation of her liberty, emotional injury, and other damages.

## JURY DEMAND

42.     Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demand a trial by jury.

**WHEREFORE**, plaintiff demands judgment and pray for the following relief, jointly and severally, against the individual defendants:

(a) full and fair compensatory damages in an amount to be determined by a jury;

(b) punitive damages in an amount to be determined by a jury;

(c) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(d) such other and further relief as appears just and proper.

And the following relief against the municipal defendant NYC in its official capacity:

(a) Assume jurisdiction over this matter, and grant a declaratory judgment as pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57, that defendants' execution of the warrant violated Plaintiff's rights under Section 690 *et seq* of the New York Criminal Procedure Law;

(c) full and fair compensatory damages in an amount to be determined by a jury;

(d) reasonable attorney's fees, expert fees and the costs and disbursements of this action; and

(e) such other and further relief as appears just and proper.

Dated: New York, New York
      July 31, 2015

Glenn A. Wolther
*Attorney At Law*
305 Broadway, Suite 1102
New York, New York 10007
Tel: (212) 964-2120
*Attorney for Plaintiff*